# Balbec et al. *versus* Donaldson et al.

1. The recording of a deed is *prima facie* evidence of its delivery, and the burden of proof is upon the party denying it, to satisfy the jury that it has never been delivered; and for this purpose it is legitimate to show the possession of the title-papers and the occupancy of the land.

2. Upon the question of identity of the party under whom plaintiff claimed land, her condition in life, and residence, were proper subjects of inquiry.

3. A deed absolute on its face, cannot be converted into a deed of trust for the benefit of the grantor, by proof that no money was paid by the grantee, and that the grantor had remained in possession for three years after the date of the conveyance.

4. An agreement that the grantee should hold the title for the benefit of the grantor, cannot be inferred from the poverty of the grantee, and continuation of possession in the grantor, and the production, at the time of the trial, of the original deed by him.

ERROR to the District Court of *Philadelphia.*

*Gowen,* for plaintiffs in error.

The facts are sufficiently stated in the opinion of the court, delivered by

KNOX, J.—This was an action of ejectment, brought by David Balbec, against Hugh Donaldson and Joseph Wardin, to recover the possession of certain real estate in the city of Philadelphia.

The plaintiffs' case depended upon the validity of a deed from Donaldson, the defendant, to Mrs. Eliza Braceland, bearing date November 4, A. D. 1843, and recorded on the 16th day of January, 1849. The heir-at-law of Mrs. Braceland was the wife of the plaintiff, who was dead, leaving a will, by which all her real estate was claimed by her husband.

The defendant, Donaldson, denied that the plaintiff's mother-in-law was the Mrs. Eliza Braceland to whom he had made the conveyance in November, 1843; and he also asserted that in case her identity was found by the jury, the evidence showed that the conveyance to Mrs. Braceland was in trust for the benefit of the grantor.

Considerable evidence was given on both sides upon the question of identity, which was fairly submitted to the jury, and of which no complaint is now made.

In addition, it was shown by the defendant, that the original deed was in his possession upon the trial, and that no possession of the disputed property had ever been taken by Mrs. Braceland, or those claiming under her, but that it had been occupied and used as his own exclusively, from the date of the deed to the day of the trial; and likewise, that Mrs. Braceland, who lived until March, 1846, was poor, having an income of about

[Balbec et al. *v.* Donaldson et al.]

$250 per annum.   A conveyance was also in evidence from *a* Mrs. Eliza Braceland to William Caldwell, dated 14th November, 1849, and from Caldwell to the defendant, Donaldson, by two deeds, one in November, 1850, and one in December, 1851.

The learned judge of the District Court charged the jury, "that if they should determine the question of identity in favor of the plaintiff, there was still another point taken by the defendants' counsel, which they were to consider, and that was, whether there was not a trust in favor of the grantor, the defendant Donaldson, in the deed, to Eliza Braceland."

In this there was error.   If the question of identity was found in favor of the plaintiff, the next question that arose under the evidence was, whether or not the conveyance was ever perfected by a delivery of the deed.   This was a question of fact for the jury.   The recording of the deed was *prima facie* evidence of its delivery, and the burden of proof was upon the defendant to satisfy the jury that it had never been delivered; and for this purpose it was legitimate to show the possession of the title-papers, and the occupancy of the property.

The condition in life of *the* Mrs. Eliza Braceland, under whom the plaintiff claimed, and her residence, were proper subjects of inquiry upon the question of identity, but not upon that of delivery.   The consideration recited in the deed, and which was acknowledged by it to have been received by the grantor from the grantee, was $6800.   Now the presumption was, in the absence of explanatory evidence, that this was a purchase and not a gift; and if the plaintiff's mother-in-law was in reduced circumstances, the probability that she was the grantee would be lessened; but if her identity was once established, the effect of the deed could not be impaired by the existence of her poverty; for when delivered, it would pass the title as between the parties to it, whether founded upon a valuable consideration or not.   A deed absolute upon its face cannot be converted into a deed of trust for the benefit of the grantor, by proof that no money was paid by the grantee, and that the grantor had remained in possession for three years after the date of the conveyance.   It is unnecessary to determine whether an express agreement, resting in parol, made at the time of the delivery of the deed, that the grantee should hold the title for the benefit of the grantor, can be enforced, as the point is not raised in the case under consideration.   All that we now decide is, that such an agreement cannot be inferred from the poverty of the grantee, and continuation of the grantor's possession, and the production by him, at the trial, of the original deed of conveyance.

Neither the acts or declarations of Mrs. Donaldson, nor the statement of Mrs. Eliza Braceland, in reference to her papers, were evidence; as the wife was not shown to have been the

husband's agent, and Mrs. Braceland did not speak to the defendant, or in his presence.

If the case is presented upon another trial, as it appears upon our paper-books, its result will depend upon two questions, viz: 1st. Was the plaintiff's mother-in-law the person named in the deed from Donaldson? 2d. Was the deed delivered? If these questions are found for the plaintiff, he is entitled to a verdict, otherwise he has no case.

~       Judgment reversed and *venire de novo* awarded.